## J. W. Brown, Appellee, v. Vandalia Railroad Company, Appellant.

COMMON CARRIERS—*when shipper estopped to set up wrongful delivery.* If a shipper accept payment from a person to whom the carrier has made delivery in error, he becomes estopped to make any claim therefor as against the carrier.

Appeal from the Circuit Court of Clark county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1910. Reversed. Opinion filed October 14, 1911.

GOLDEN & SCHOLFIELD, for appellant; S. W. FORDYCE, JR., of counsel.

DAVIDSON & BARTLETT, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Appellee resided at Casey, Illinois, and sold to Simpson & Company of Chicago five cars of hay. Three cars were shipped and received by Simpson & Company; the remaining two cars are the only ones in controversy, and they were shipped by way of the Vandalia Railroad and were consigned by appellee to himself at Chicago with drafts drawn on Simpson & Company attached to the bills of lading. The bills of lading together with the drafts were sent through a bank at Casey, Illinois, to a bank in Chicago; the bank at Chicago was requested to notify Simpson & Company. The drafts were not paid by Simpson & Company and the bills of lading were not delivered to Simpson & Company, and upon investigation it was found that the two carloads of hay had been delivered by the Vandalia Railroad Company to Simpson & Company without a surrender

of the bills of lading. The drafts and bills of lading were then returned to Casey, Illinois, and delivered to appellee. After the two carloads of hay were delivered by the railroad company to Simpson & Company, Simpson & Company sent to appellee a statement of the account of the five carloads of hay and with this statement sent him a draft for $159.75, with the statement that the draft was sent as a balance in full for the five carloads of hay. The draft was cashed by appellee and after some time had elapsed the present action was brought against the Vandalia Railroad Company, alleging wrongful delivery of the two carloads of hay by the Vandalia Railroad Company to Simpson & Company, that the hay being consigned to appellee no legal delivery to any person than appellee could be made by the railroad company except upon the representation of the bills of lading properly assigned. The trial below resulted in a judgment against the railroad company for $250, being the amount of the drafts attached to the bills of lading. The trial was had without a jury, and appellant urges as a cause for reversal the admission and rejection of evidence and erroneous holdings by the court upon the propositions of law submitted. It is unnecessary, in the view that this court has taken of the evidence in this record, to pass upon any other question than the one as to whether the evidence authorized a recovery.

The action is brought for the alleged wrongful delivery of the hay by the railroad company to Simpson & Company.

The record discloses that the delivery was in the first instance wrongful and by reason of this wrongful delivery the defendant railroad company became liable to appellee for the fair cash value of the hay so wrongfully delivered and the measure of damages proven by this record and admitted by the trial court was the amount of the drafts drawn by appellee against Simpson & Company. The amount of these drafts was no

proof of the value of the hay and was not the measure of damages for recovery in this case.    The record further discloses that after the wrongful delivery of the hay by defendant appellee received and accepted from Simpson & Company payment of the amount claimed by them to be due from them to him on account of the shipment of the five carloads of hay.    This statement covered the two cars wrongfully delivered.    At the time appellee received and accepted this draft he then knew that the railroad company had previous to that time delivered two cars of hay to Simpson & Company without a surrender of the bills of lading and without any direction so to do by him.    By the shipment of this hay to appellee as consignee he retained the right to have the hay delivered to any person he might assign and deliver the drafts to; it was under his control, but by the acceptance of the payment for the hay from Simpson & Company after the wrongful delivery he thereby ratified the delivery and is now estopped to make any claim therefor as against the defendant railroad company.

The clerk will enter in the judgment of this court a finding that after the alleged wrongful delivery of the hay by defendant plaintiff ratified the delivery by the defendant to Simpson & Company.

The judgment is reversed.

*Reversed.*